**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Samuel N. Edeh,

              Plaintiff,

  v.

Aargon Collection Agency, LLC, a/k/a
Aargon Funding, Inc.; Aargon Agency,
Inc., a Nevada corporation; Duane
Christy, an individual; and Michael
Boyce, an individual;

              Defendants.

Civ. No. 10-4475 (JNE/JJK)

**REPORT AND RECOMMENDATION**

---

Samuel N. Edeh, 718 W. Center St., Apt. 6, Rochester, MN 55902, *pro se*.

Michael T. De Courcy, Jr, Esq., DeCourcy Law PLLC, and Mark J. Bourassa, Esq., The Bourassa Law Group, LLC, counsel for Defendants Aargon Agency, Inc., Duane Christy, and Michael Boyce.

---

This matter is before the Court on the motion of Defendants Aargon Agency, Inc., Duane Christy, and Michael Boyce to dismiss with prejudice Plaintiff Samuel N. Edeh's Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 25.) This matter is also before the Court on Plaintiff's Motions to Strike and for Partial Summary Judgment. (Doc. Nos. 32, 35.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1 and 72.2. For the reasons set forth below, this Court recommends that Defendants' motion to dismiss be granted in

part and denied in part, and Plaintiff's motions to strike and for partial summary judgment be denied.

**INTRODUCTION**

Plaintiff Samuel N. Edeh sued Defendants Aargon Agency, Inc. ("Aargon"), Duane Christy, Michael Boyce, and Aargon Collection Agency, LLC, a/k/a Aargon Funding Inc., for violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA").   Plaintiff alleges that Defendants violated the FDCPA by:   (1) failing to inform the credit reporting agencies that Plaintiff subsequently disputed a debt after the initial report on the debt was made; and (2) failing to provide him with a notice of debt within five days of reporting the debt to Plaintiff's credit reporting agencies.   Plaintiff also alleges that Defendants violated the FCRA by failing to conduct a reasonable investigation into the disputed debt.

Defendants counter that Aargon had no affirmative duty under the FDCPA to disclose that Plaintiff had disputed the debt.  Defendants also contend that Aargon was not required to provide Plaintiff with a written notice of his debt after reporting it to Plaintiff's credit reporting agencies because there was no "initial communication with a consumer," which is required to trigger the notice obligation under the FDCPA.  Further, Defendants argue that Plaintiff's allegations are too conclusory to state a claim for inadequate investigation under the FCRA.   Finally, Defendants assert that Defendants Boyce, Christy and

Aargon Collection Agency, LLC are improperly named as parties, and should be dismissed from the litigation.[1]

## FACTUAL BACKGROUND

This action arises out of an alleged debt on a utility bill owed to Union Electric Company, doing business as Ameren. (Doc. No. 13, Third Am. Compl. ¶¶ 10–11.) Plaintiff alleges that Aargon attempted to collect this debt beginning in May 2010. (*Id.* ¶ 28.) On July 3, 2010, Aargon reported the debt to the credit reporting agencies. (*Id.* ¶ 30.) On July 11, 2010, Plaintiff received an alert from TrueCredit, a credit monitoring service, that Aargon was reporting a negative item on his credit report. (*Id.* ¶ 31.) On July 11 and 14, 2010, Plaintiff obtained copies of his Experian and Trans Union credit reports, which reflected that Aargon did in fact report the debt to the credit reporting agencies. (*Id.* ¶ 32.) On July 11, 2010, Plaintiff faxed a letter to Aargon disputing the debt and requesting validation of the debt. (*Id.* ¶ 33.) Aargon never responded to Plaintiff's validation request. (*Id.* ¶ 34.) On July 14 and 15, 2010, Plaintiff informed Trans Union and Experian that he disputed the debt. (*Id.* ¶ 35.) The agencies' investigation results confirmed Plaintiff's ownership of the debt on July 19 and 20, 2010. (*Id.* ¶¶ 35–36.)

---

[1] Duane Christy and Michael Boyce are the founders of Aargon. According to Defendants, Aargon Collection Agency, LLC, a/k/a Aargon Funding, Inc., is a non-existing entity. As discussed below, this Court finds that Aargon—i.e. Aargon Agency, Inc.—is the only remaining properly named party to this action.

Acting *pro se*, Plaintiff brought this lawsuit on November 5, 2010, and since then twice amended his Complaint. (Doc. Nos. 1, 6, 14.) The Third Amended Complaint was filed on December 17, 2010. (Doc. No. 14.) On February 2, 2011, Plaintiff and Defendants Consumer Collection Management, Inc. and Robert L. Eichorn entered a stipulation of dismissal with prejudice, and on February 10, 2011, judgment was entered dismissing Plaintiff's Third Amended Complaint as to these two Defendants on its merits with prejudice and without costs, disbursements, or attorney fees to any party. (Doc. Nos. 15, 17.)

On April 8, 2011, the remaining Defendants filed a motion to dismiss Plaintiff's Third Amended Complaint. (Doc. No. 25.) On April 11, 2011, in lieu of filing an opposition to Defendants' motion, Plaintiff filed a motion to strike Defendants' motion to dismiss. (Doc. No. 32.) That same day he also filed a motion for partial summary judgment as to liability. (Doc. No. 35.) In support of his motion to strike, Plaintiff filed an exhibit that appears to be a utility bill he allegedly subpoenaed from Ameren, which lists "Uchenna Edeh" as the obligor on the account. (Doc. No. 34, Affidavit of Samuel N. Edeh ("Edeh Aff.") ¶ 5, Ex. A.) This was intended to show that Plaintiff Samuel Edeh was not the person responsible for the utility bill underlying the debt collection. Defendants filed an opposition to Plaintiff's motion for partial summary judgment on May 12, 2011. (Doc. No. 40.) On May 19, 2011, they filed an opposition to Plaintiff's motion to strike. (Doc. No. 41.) There, Defendants included an Account Activity Statement from Ameren, which lists Plaintiff as the obligor on the utility bill

4

account. (Doc. No. 42, Affidavit of Michael T. DeCourcy, Jr. ("DeCourcy Aff.") ¶ 2, Ex. A.) This was submitted to demonstrate that Plaintiff was in fact the debtor on the utility bill in dispute. For the reasons set forth below, this Court recommends that Defendants' motion to dismiss be granted in part and denied in part, and that Plaintiff's motions to strike and for partial summary judgment be denied.[2]

## STANDARD OF REVIEW

**Motion to Dismiss**

Federal Rule of Civil Procedure 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." A civil complaint will be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a cause of action that will survive a Rule 12(b)(6) motion, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) under some established legal theory. *Martin v.*

---

[2] This Court notes that although Rule 12(f) permits the filing of a motion to strike, any such motion is expressly limited to motions that seek to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to dismiss, however, is not a "pleading," *see* Fed. R. Civ. P. 7(a), and thus Plaintiff's self-styled motion to strike should be denied on this basis alone. *See, e.g.*, *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (denying motion to strike plaintiff's memorandum on the basis that it was not directed to a "pleading" as defined in Rule 7(a) and therefore was "not the proper avenue" to seek the requested relief). Nonetheless, this Court construes Plaintiff's motion to strike as his opposition to Defendants' motion to dismiss.

*Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (noting that "the complaint must allege facts, which if true, state a claim as a matter of law").

In deciding a motion to dismiss, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). But in so doing, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint states a plausible claim for relief if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." [3] *Twombly*, 550 U.S. at 555.

---

[3] This Court notes that under Fed. R. Civ. P. 12(d), when "matters outside the pleadings are presented to and not excluded by the court" in connection with a Rule 12(b)(6) motion to dismiss, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Further, if a Rule 12(b)(6) motion is converted to a Rule 56 motion, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* As discussed below, both Plaintiff and Defendants submitted exhibits that are outside the pleadings and are not matters of public record in

6

**Summary Judgment Motion**

Summary judgment is proper if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence, and the inferences that may be reasonably drawn from the evidence, in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). But as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a

---

connection with Defendants' motion to dismiss Plaintiff's FCRA claim. And both parties had reasonable opportunity to present any evidence relevant to the determination of the motion. Thus, this Court finds that the best approach here is to consider the parties' exhibits and to treat Defendant's motion to dismiss—as it relates to Plaintiff's FCRA claim for inadequate investigation *only*—as a summary-judgment motion.

genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

## ANALYSIS

### I.     Plaintiff's FDCPA Claims

#### A.     Count III- Failure to Communicate the Disputed Nature of the Debt Pursuant to 15 U.S.C. § 1692e

Aargon contends that Plaintiff's allegation that it violated the FDCPA by failing to notify the credit reporting agencies of the disputed nature of the debt fails to state a claim for which relief can be granted.  This Court agrees.

The FDCPA prohibits the use of any false, deceptive or misleading means to collect a debt, including "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).  The Eighth Circuit has held that pursuant to § 1692(e)(8), if a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history.  *See Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) ("If a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.") (emphasis in original).   But when a debt collector learns that a debt is disputed only after the collector has reported the debt to the credit reporting agencies, the collector has no affirmative

obligation to report the dispute.  *Id.* (quoting FTC Staff Commentary, 53 F. Reg. 50097-02, 50106 (Dec. 13, 1988) ("When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.")).

Here, Plaintiff disputed the debt only after Aargon already submitted it to the credit reporting agencies.  As noted above, Aargon first notified Plaintiff's credit reporting agencies of the debt on July 3, 2010.  But Plaintiff himself did not actually dispute the debt until July 11, 2010, a week after Defendants reported his debt to the credit reporting agencies.  (Third Am. Compl. ¶¶ 33, 30–36.)  It is nowhere alleged that when Aargon furnished the original information about Plaintiff's debt, Aargon knew of any dispute as to the debt.   Indeed, Plaintiff's allegations make clear that he disputed the debt one week *after* Aargon submitted the debt information to the credit reporting agencies.   Because the dispute was brought to Aargon's attention after it furnished information to the credit reporting agency, no subsequent reporting requirement arose.  Thus, Plaintiff's allegations in Count III fail to make out a violation of the FDCPA and should be dismissed.

### B.   Count IV-Failure to Notify Plaintiff of the Debt Pursuant to 15 U.S.C. § 1692g(a)

Plaintiff also alleges that Defendants violated 15 U.S.C. § 1692g(a) by failing to provide him with notice of the debt within five days of its reporting of the debt to a credit reporting agency.  (Third Am. Compl. ¶¶ 38-40.)  Defendants

contend that the reporting of Plaintiff's consumer debt to a credit reporting agency was not an "initial communication with a consumer" under 15 U.S.C. § 1692g(a). Accordingly, Defendants continue, Aargon's conduct did not trigger any notice obligation under the FDCPA or mark the beginning of the five day period within which notice of the debt is required under the statute. This Court agrees.

Section 1692g(a) of the FDCPA addresses only "initial communications" with "consumers." 15 U.S.C. § 1692g(a). The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692g(a)(3). The definition of "consumer" does not include credit reporting agencies, which are business entities rather than "natural person[s]." *Id.* Thus, any party to whom a debt is reported but who is not at least allegedly obligated to pay the debt is not a "consumer" under the FDCPA. *McDaniel v. South & Assoc., P.C.*, 325 F. Supp. 2d 1210, 1221 (D. Kan. 2004) (holding that Plaintiff was not a "consumer" within the meaning of the FDCPA because he was not the obligor of the debt).

Here, Plaintiff alleges that Defendant reported the debt to the credit reporting agencies and that this constituted an "initial communication" under the statute. But as noted above, the credit reporting agencies are not "natural person[s]." 15 U.S.C. § 1692g(a)(3). Nor are they obligors or alleged obligors of the debt. Thus, the reporting companies are not "consumers" under the FDCPA, and Aargon's reporting of the debt to these agencies did not trigger any

notification obligations under § 1692g(a).  Accordingly, Count IV of Plaintiff's Third Amended Complaint should be dismissed for failure to state a claim for which relief can be granted.

## II.     Plaintiff's FCRA Claim

Plaintiff's final claim against Aargon is that Aargon violated the FCRA by failing to perform a "reasonable investigation" into the disputed nature of the debt as required by 15 U.S.C. § 1681s-2(b).   (Third Am. Compl. ¶¶ 41–42.) Defendants contend that Plaintiff has not alleged any facts underlying this claim to satisfy the pleading requirements under *Iqbal* and *Twombly*.[4]   As noted above, Plaintiff filed an exhibit to demonstrate that he was not the person responsible for the utility bill underlying the debt collection.  In response, Defendants filed an Account Activity Statement from Ameren, which lists Plaintiff as the obligor on the utility bill account, to demonstrate that Plaintiff filed a fraudulent document with the Court, and that he and not "Uchenna Edeh" was the obligor on a utility bill underlying the debt.  Neither party ties the account statement to the specific debt that was reported.  This Court concludes that the best course of action here is to

---

[4]     This Court observes that generally *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  Even a *pro se* complaint must allege facts, however, and not just bare, unsupported legal conclusions.  *Frey v. City of Herculaneum,* 44 F.3d 667, 671 (8th Cir. 1995) (stating that "[a]t the very least . . . the complaint must contain facts which state a claim as a matter of law and must not be conclusory"); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (explaining that "[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

consider both exhibits and to convert Defendants' motion to dismiss into a summary-judgment motion. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687–88 (8th Cir. 2003) (stating that a court's reliance on matters outside the pleadings converts a motion to dismiss into one for summary judgment); *Garcia v. Anderson*, No. 08-4731, 2010 WL 489527, *1 (D. Minn. Feb. 4, 2010) (same).

Here, neither party is entitled to summary judgment on the FCRA claim, because there are conflicting documents regarding who was the obligor on the utility account in question. *See Strub v. Auto-Owners Ins.*, No. 04-5010, 2006 WL 2250970, *3 (D. Minn. Aug. 4, 2006) (refusing to grant summary judgment where the parties presented conflicting evidence that resulted in a material factual dispute); *Castellanos v. Wood Design, Inc.*, No. 03-3416, 2005 WL 41628, *5 (D. Minn. Jan. 4, 2005) ("As long as there exists conflicting evidence upon which reasonable men and women might differ, there is sufficient evidence to survive Defendant's motion for summary judgment."). And there is no evidence regarding the steps Aargon took to investigate the disputed status of the debt before it verified the debt with the credit reporting agencies.

Plaintiff's Complaint contains the following allegations pertaining to Aargon's failure to investigate under the FCRA:

> 29. AARGON failed to exercise reasonable care in ascertaining the facts of the debt, such as by relying on information on which a reasonable person would not have relied.
>
> . . . .

12

>42.   Before responding to the notice of dispute from Trans Union and Experian regarding Plaintiff's disputes, AARGON negligently and/or willfully failed to conduct a "reasonable investigation" as required under 15 U.S.C. § 1681s-2(b).

(Third Am. Compl. ¶¶ 29, 42.)  Construing his pleading generously, this Court understands it to allege that Aargon violated the FCRA by failing to reasonably investigate Plaintiff's debt when it was informed by the credit reporting agencies that Plaintiff disputed it.  (*Id.* ¶ 42.); *see also* 15 U.S.C. § 1681s–2(b).  More specifically, Plaintiff appears to argue—based on the exhibit filed in support of his motion to strike Defendant's motion to dismiss—that Aargon failed to conduct a reasonable investigation to determine whether the utility account actually belonged to Plaintiff and not to "Uchenna Edeh."  (Doc. No. 34, Edeh Aff. ¶ 5, Ex. A.)   Presumably, Plaintiff is using Exhibit A, which is the utility account under the name "Uchenna Edeh," to demonstrate that Plaintiff was not the obligor of the debt, and had Aargon conducted a reasonable investigation it would have realized that the utility account underlying the debt belonged to "Uchenna Edeh," not Plaintiff.   It may be that Plaintiff's FCRA claim will prove to be meritless should Aargon present undisputed evidence that the utility bill underlying the debt belonged to Plaintiff.   But that ultimate determination is better made on a subsequent dispositive motion or at trial; the current motion is not the proper vehicle to resolve the fact issue about which utility bill is the subject of the dispute.  All we have here is the say-so of the parties without any testimony or evidentiary safeguards to guide this Court.   Accordingly, this Court recommends

13

that Defendants' converted summary-judgment motion and Plaintiff's partial summary-judgment be denied at this time as to Count V of Plaintiff's Third Amended Complaint.[5]

## III.     Properly Named Defendants in This Action

Defendants argue that Aargon, *i.e.* Aargon Agency, Inc., is the only properly named party to this action. This Court agrees.

Plaintiff's Third Amended Complaint fails to allege any specific claim against the individual Defendants Duane Christy and Michael Boyce, and fails to plead a factual basis for piercing the corporate veil. Accordingly, Defendants Christy and Boyce should be dismissed from this action. As to Defendant Aargon Collection Agency, LLC, a/k/a Aargon Funding Inc., based on Defendant's statement that this is a non-existing entity, and Plaintiff's concession that Aargon—i.e., Aargon Agency, Inc.—is the only remaining corporate defendant in this lawsuit, Aargon Collection Agency, LLC should be dismissed from Plaintiff's action. (Doc. No. 36, Pl.'s Mem. at 1–2 of 6 ("Defendants Aargon Agency, Inc., Michael Boyce and Duane Christy (collectively "Aargon" or "defendants"), the only remaining defendants in this lawsuit.").)

---

[5]     In his written submissions Plaintiff also argued that he is entitled to summary judgment because Aargon failed to respond to his discovery requests, including requests for admissions, thereby admitting liability. This Court notes that discovery has not yet commenced. Thus, Aargon had no obligation to respond to Plaintiff's discovery requests. Accordingly, this Court finds that Aargon did not waive its right to challenge liability and summary judgment is unwarranted at this time.

## RECOMMENDATION

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss (Doc. No. 25), be **GRANTED IN PART and DENIED IN PART**;

2. Defendants Aargon Collection Agency, LLC, a/k/a/ Aargon Funding, Inc., Duane Christy, and Michael Boyce be dismissed from this action;

3. Counts III and IV of Plaintiff's Third Amended Complaint be Dismissed with Prejudice.

4. Plaintiff's Motion to Strike (Doc. No. 32), be **DENIED**; and

5. Plaintiff's Motion for Partial Summary Judgment (Doc. No. 35), be **DENIED**.

Date: June 20, 2011        *s/ Jeffrey J. Keyes*
                           JEFFREY J. KEYES
                           United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 4, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and

Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.